UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>  Plaintiff,<br><br>  v.<br><br>JUNG, et al.<br><br>  Defendants. | No.  2:24-cv-0477 DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening.  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff states some cognizable claims for relief, but fails to state others.  Plaintiff will be given the opportunity to proceed immediately on the cognizable claims or file an amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

**SCREENING**

**I.       Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

2

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.     Analysis**

**A. Allegations of the Complaint**

Plaintiff is an inmate at Salinas Valley State Prison. Plaintiff complains of conduct that occurred in 2022 when incarcerated at California State Prison, Sacramento. Plaintiff identifies three defendants: Correctional Officers Jung, B. Jones, and Reid.

Plaintiff alleges the following. On July 17, 2022, defendant Jung made numerous derogatory comments of a sexual nature to plaintiff and had plaintiff submit to a visual strip search without a legitimate penological reason. When plaintiff noted that Jung was not requiring anyone else to do this, Jung replied that "no one else files lawsuits or write[s] grievances." (ECF No. 1 at 10-11.)

Defendants Reid and Jones also made sexual, derogatory comments. Jones stared at plaintiff while plaintiff was showering and laughed. When plaintiff returned to their cell, Jung had caused it to be "trashed" and told plaintiff that he had seen the "bullshit lawsuits you have against my buddies" and that plaintiff's life was "going to be hell here." (ECF No. 1 at 12.)

////

////

3

**B.  Does Plaintiff State Claims Cognizable under § 1983?**

    **1.  Sexual Harassment**

While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the latter to be [a potential] violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk v. Hartford, 204 F.3d 1187, 1198 (9th Cir. 2000)); see also Kutterer v. Solano Cty. Jail, No. 2:21-cv-0772 DB P, 2021 WL 3772003, at *3 (E.D. Cal. Aug. 25, 2021) (citing Minifield, 298 F. Supp. 2d at 904).  To state a claim for physical sexual harassment in violation of the Eighth Amendment, a plaintiff must allege that the harassment was egregious, pervasive and/or widespread. See Jordan v. Gardner, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male guards to conduct body searches on female prisoners); Watson v. Jones, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus).

The Ninth Circuit has indicated that verbal harassment alone may rise to the level of an Eighth Amendment violation if that harassment was "unusually gross even for a prison setting and [was] calculated to and did cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); see also Moore v. Calderon, No. 1:20-cv-0397-DAD-BAM (PC), 2021 WL 1541296, at *2 (E.D. Cal. Apr. 20, 2021) (To state a claim, the plaintiff must "'allege that there was no legitimate penological objective and that the statement made was so extreme even for a prison setting and was calculated to cause psychological harm." (citation omitted)).

However, in many cases the Ninth Circuit concluded that verbal harassment alone does not amount to an Eighth Amendment violation. See Blacher v. Johnson, 517 F. App'x 564 (9th Cir. 2013) ("district court properly dismissed [plaintiff's] claim of sexual harassment because the Eighth Amendment's protections do not extend to mere verbal sexual harassment" (citation omitted)); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking,

pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (harassment in the form of vulgar language directed at an inmate is not cognizable under § 1983); see also Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

Plaintiff's allegations that Jung required plaintiff to disrobe and be visually searched, while making sexual comments, are minimally sufficient to state a cognizable Eighth Amendment claim for sexual harassment. However, plaintiff's allegations regarding Reid and Jones do not state Eight Amendment claims. While certainly offensive, the statements made by Reid and Jones during one series of interactions on one day are not sufficiently extreme or pervasive to state a potentially cognizable claim. Moreover, the fact that Jones looked at plaintiff while plaintiff was showering on one occasion is insufficient to rise to the level of an Eighth Amendment violation.

### 2. Retaliation

To state a claim for retaliation under the First Amendment, a prisoner must state facts showing the following five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Plaintiff's allegation that Jung told plaintiff he was conducting a strip search because plaintiff had filed lawsuits and grievances is sufficient to state a cognizable claim for retaliation against Jung.

### 3. Violation of Right to Privacy

Plaintiff contends that the sexual nature of the comments made by defendants in the presence of others violated plaintiff's right to privacy. Plaintiff has stated a minimally cognizable claim that all defendants violated plaintiff's right to privacy protected by the Fourteenth Amendment. See Doe v. Washington State Dep't of Corr., No. 4:21-cv-5059-TOR, 2021 WL 2453099, at *7 (E.D. Wash. May 17, 2021).

1    With respect to plaintiff's contention that Jones stared while plaintiff was showering, the

2  Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. City and

3  Cnty. of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (en banc). "[I]incarcerated prisoners

4  retain a limited right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir.

5  1988). As one judge stated:

6
> "Importantly, the Supreme Court has not recognized that an interest
> in shielding one's naked body from public view should be protected
7
> under the rubric of the right of privacy...." See Grummett v. Rushen,
> 779 F.2d 491, 494 (9th Cir. 1985). Although the Ninth Circuit
8
> determined "a prisoner[ ] [has] limited right to bodily privacy," such
> a claim "calls for a highly factual inquiry." See Michenfelder v.
9
> Sumner, 860 F.2d 328 (9th Cir. 1988). Factors the Court has
> considered include: "the gender of those prison officials who viewed
10
> inmates, the angle and duration of viewing, and the steps the prison
> had taken to minimize invasions of privacy." Id., citing Grummett,
11
> 779 F.2d at 494-95.

12  Medina v. Brown, No. 1:19-cv-0345 DAD JLT, 2019 WL 1979923, at *10 (E.D. Cal. May 3,

13  2019), rep. and reco. adopted, 2021 WL 5179899 (E.D. Cal. Nov. 8, 2021).

14    Here, plaintiff's allegation is that Jones viewed plaintiff inappropriately one time. That

15  allegation does not rise to the level of a constitutional violation of plaintiff's right to privacy.

16  Uvalles v. Jaquez, No. C 09-5221 RMW (PR), 2013 WL 1283390, at *8-9 (N. D. Cal. Mar. 27,

17  2013) (issue is whether officers regularly or frequently observe unclothed inmates of the opposite

18  sex without a legitimate reason for doing so (citing Michenfelder, 860 F.2d at 334)).

19                                **CONCLUSION**

20    Above, this court finds plaintiff states cognizable claims for sexual harassment and

21  retaliation against defendant Jung and for violation of the Fourteenth Amendment right to privacy

22  against all defendants. This court further finds that plaintiff fails to state any other claims for

23  relief. Plaintiff will be given a choice. Plaintiff may proceed immediately on the claims found

24  cognizable herein or plaintiff may file an amended complaint. Plaintiff is advised that if they

25  chose to proceed on the claims found cognizable in the complaint, plaintiff will be voluntarily

26  dismissing all other claims.

27    In an amended complaint, plaintiff must address the problems with the complaint that are

28  explained above. Plaintiff is advised that in an amended complaint each defendant and the action

1  that defendant took that violated plaintiff's constitutional rights must be clearly identified. The
2  court is not required to review exhibits to determine what plaintiff's charging allegations are as to
3  each named defendant. If plaintiff wishes to add a claim, it must be included in the body of the
4  complaint. The charging allegations must be set forth in the amended complaint so defendants
5  have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every
6  detailed fact in support of the claims. Rather, plaintiff should provide a short, plain statement of
7  each claim. See Fed. R. Civ. P. 8(a).

8  Any amended complaint must show the federal court has jurisdiction, the action is brought in
9  the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a
10 request for particular relief. Plaintiff must identify as a defendant only persons who personally
11 participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v.
12 Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
13 constitutional right if he does an act, participates in another's act or omits to perform an act he is
14 legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of
15 official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d
16 266, 268 (9th Cir. 1982) (citations omitted).

17 In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R.
18 Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R.
19 Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
20 occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

21 The federal rules contemplate brevity. See Galbraith v. Cnty of Santa Clara, 307 F.3d 1119,
22 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened
23 pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule
24 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in
25 short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534
26 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was
27 adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.
28 ////

1    An amended complaint must be complete in itself without reference to any prior pleading.
2    E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.
3    By signing an amended complaint, plaintiff certifies that they have made reasonable inquiry
4    and have evidentiary support for the allegations, and for violation of this rule the court may
5    impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.
6    For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as
7    follows:

8    1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
9    2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is
10       assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
11       §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to
12       the Director of the California Department of Corrections and Rehabilitation filed
13       concurrently herewith.
14    3. Plaintiff has stated potentially cognizable Eighth Amendment and First Amendment
15       claims against defendant Jung and potentially cognizable Fourteenth Amendment claims
16       against all defendants.
17    4. Plaintiff's other claims are dismissed with leave to amend.
18    5. Plaintiff may choose to proceed on the cognizable claims set out above or plaintiff may
19       choose to amend the complaint.  If plaintiff chooses to proceed on the cognizable claims
20       in the complaint, plaintiff shall voluntarily dismiss all other claims.
21    6. Within thirty days of the date of this order, plaintiff shall fill out and return the attached
22       form indicating how they would like to proceed in this action.

23   ////
24   ////
25   ////
26   ////
27   ////
28   ////

8

1  7. Plaintiff is warned that failure to comply with this order will result in a recommendation
2     that this action be dismissed.
3  Dated: June 24, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/jacq0477.scrn LTA or proceed(2)

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>    Plaintiff,<br><br>    v.<br><br>JUNG, et al.,<br><br>    Defendants. | No.  2:24-cv-0477 DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_    Plaintiff wants to proceed immediately on the Eighth and First Amendment claims in the complaint against defendant Jung and on the Fourteenth Amendment claim against all defendants.  Plaintiff understands that by going forward without amending the complaint, they are voluntarily dismissing all other claims.

\_\_\_\_\_    Plaintiff wants to amend the complaint.

DATED:_____

                                                                    _____
                                                                    Plaintiff Michael E. Jacques, Pro Se

10