UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. JACQUES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JUNG, et al.,<br><br>　　　　Defendants. | No. 2:24-cv-0477-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without an attorney in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

Currently pending before the court is defendants' motion to dismiss, or, in the alternative, to revoke plaintiff's in forma pauperis ("IFP") status. ECF No. 22. Plaintiff has not opposed the motion and the time to do so has expired. For the reasons explained in further detail below, the undersigned recommends granting the motion to dismiss this case with prejudice.

**I.    Factual and Procedural History**

On January 22, 2024, plaintiff commenced this action by filing a complaint along with an application to proceed in forma pauperis.[1] ECF Nos. 1, 2. On June 25, 2024, the court screened

---

[1] The filing date has been calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1

plaintiff's complaint and determined that plaintiff could proceed on claims based on First Amendment retaliation and Eighth Amendment sexual harassment against defendant Jung as well as Fourteenth Amendment right to privacy claims against defendants Jung, B. Jones, and Reid. ECF No. 6. The court also granted plaintiff's motion to proceed in forma pauperis. ECF No. 6.

On February 14, 2025, defendants filed a motion to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(A) asserting that plaintiff's IFP application is fraudulent. ECF No. 22. Defendants contend that plaintiff made false representations to the court under penalty of perjury in order to avoid paying the filing fee in this action. ECF No. 22. Specifically, plaintiff indicated in her in forma pauperis application that she had not received any money in the prior 12 months from any source and that she had no cash or other assets to pay the filing fee.[2] See ECF No. 2. According to defendants, "[i]n total, [p]laintiff received a combined total of **$11,885.96** during the year preceding filing her IFP application." ECF No. 22 at 4 (emphasis in original). Plaintiff requested a copy of her inmate trust account statement on December 7, 2023 when the balance was $2,222.08, prior to signing her in forma pauperis application on January 22, 2024. Compare ECF No. 22-2 at 4 (Declaration of S. Saunders) with ECF No. 2 at 2. Additionally, plaintiff signed a settlement agreement on December 20, 2023 whereby she was due to receive an additional $6,000 payment that was ultimately deposited into her prison trust account on July 5, 2024. ECF No. 22-2 at 3. Plaintiff's January 2024 IFP application in this case does not identify this settlement agreement as an asset or a source of funds over the last twelve months. ECF No. 2. Since plaintiff is a frequent litigator who is familiar with the in forma pauperis statute, defendants argue that these material misrepresentations were made in bad faith.[3] As a result,

---

[2] According to the complaint, plaintiff is a transgender inmate. Therefore, the court utilizes "she" or "her" as the appropriate pronouns in this case. The court notes that defendants also utilize these same pronouns throughout their motion to dismiss.

[3] Defendants request that the court take judicial notice of various court records from two of plaintiff's other civil rights actions. ECF No. 22-1; see Jacques v. Hearn, Case No. 2:23-cv-2714-DJC-SCR (E.D. Cal.); Jacques v. Dobbs, et al., Case No. 2:24-cv-478-DJC-EFB (E.D. Cal.). The court grants defendants' request. See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

defendants request that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A). ECF No. 22. Alternatively, defendants submit that plaintiff's in forma pauperis status should be revoked and she should be required to pay the remaining balance of the filing fee in full to proceed with this case. ECF No. 22.

**II.    Legal Standards**

The ability to proceed in federal court without prepayment of the filing fee is a privilege, and not a right. See Jefferson v. United States, 277 F.2d 723, 725 (9th Cir. 1960); Rodriguez v. Cook, 169 F.3d 1176, 1179-81 (9th Cir. 1999). To request to proceed without prepayment of the filing fee, a litigant must submit an affidavit of indigency that is filed under penalty of perjury. 28 U.S.C. § 1915(a)(1). The IFP statute provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-the allegation of poverty is untrue…." 28 U.S.C. § 1915(e)(2)(A).

**III.    Analysis**

In determining whether dismissal is appropriate, the court has reviewed the evidence submitted by defendants to determine whether the IFP application itself is false. The court relies on plaintiff's prison trust account statement for the 12 months preceding the commencement of this lawsuit as evidence demonstrating the falsity of plaintiff's IFP application in this case. The court finds that plaintiff made multiple omissions on her IFP application filed in this case in that she failed to disclose any of the income that she had received since January 2023. Not only did plaintiff not disclose the $6,000 settlement that was deposited in her account in April 2023, but she also failed to list the sources for $2,012.76 in payments she received in September 2023. She was aware that she had $2,222.08 available in her inmate trust account in December 2023 before she signed the IFP application that stated that she had not received any money over the preceding twelve months.[4] ECF No. 2. Plaintiff provides no explanation for these material omissions, even

---

[4] Defendants' evidence that plaintiff requested and received a copy of her inmate statement report in December 2023 distinguishes this case from Jaques v. Hearn, No. 2:23-cv-2714-DJC-SCR (E.D. Cal.), in which the undersigned accepted plaintiff's explanation that she was not aware of her inmate trust account balance in November 2023 when she signed the IFP application at issue. See Jaques v. Hearn, No. 2:23-cv-2714-DJC-SCR, at ECF No. 9. In this case, plaintiff has failed to offer any explanation for the omissions in her January 2024 IFP application.

1  after being granted an extension of time to respond to defendants' motion to dismiss.  See ECF

2  No. 23.  The record evidence in this case indicates that plaintiff had funds available to pay the

3  entire filing fee for this case in January 2024.  Therefore, the court concludes that plaintiff

4  submitted a false IFP application in this case.

5       In order to determine whether this IFP application was submitted in bad faith, the court

6  reviews plaintiff's litigation history.  Prior to filing the instant action, plaintiff had filed 16 other

7  civil rights cases in this district alone.[5]  In all of those cases, plaintiff requested to proceed in

8  forma pauperis by submitting a sworn affidavit of indigency.  Id.  Based on this litigation history,

9  and plaintiff's familiarity with the IFP form used in this district, there is no basis for the court to

10 find that the material omissions on the IFP application were an oversight or an error made in

11 haste.  Therefore, the undersigned concludes that plaintiff's IFP omissions in this case were made

12 in bad faith.

13      Having determined that plaintiff's IFP application was demonstrably false and submitted

14 in bad faith, the PLRA requires that the court dismiss this action.  See 28 U.S.C. § 1915(e)(2)(A)

15 (indicating that the court "shall dismiss the case….").  The only question that remains is whether

16 the appropriate sanction is a dismissal with prejudice.  The federal statute is silent as to this

17 question.  To determine the appropriate sanction, the court first notes that "'[p]erjury is among the

18 worst kinds of misconduct' and cuts at the very heart of the mission of the federal courts."

19 Kennedy v. Huibregtse, Case No. 13-C-004, 2015 WL 13187300, at *2 (E.D. Wis. Nov. 13,

20 2015), aff'd by, 831 F.3d 441 (7th Cir. 2016) (quoting Rivera v. Drake, 767 F.3d 685, 686 (7th

21 Cir. 2014)).  Additionally, plaintiff has not provided the court with any explanation for her

---

[5] See Jacques v. Lopez, No. 1:16-cv-1289-DAD-SAB (E.D. Cal); Jacques v. Brahney, No. 2:21-0143-TLN-EFB (E.D. Cal.); Jacques v. Fererkins, No. 2:21-cv-0144-KJM-KJN (E.D. Cal.); Jacques v. Collinsworth, No. 2:21-0145-DMC (E.D. Cal.); Jacques v. Frederick, No. 2:21-0541-JDP (E.D. Cal.); Jacques v. Simpson, No. 21-2142-DMC (E.D. Cal.); Jacques v. Simpson, 2:21-2143-KJM-EFB (E.D. Cal.); Jaques v. Quick, No. 2:22-0811-DJC-CKD (E.D. Cal.); Jaques v. Tillery, No. 2:23-0079-TLN-KJN (E.D. Cal.); Jaques v. Ellis, No. 2:23-0080-WBS-EFB (E.D. Cal.); Jaques v. Steffenmiser, No. 2:23-0081-JDP (E.D. Cal.); Jaques v. Macomber, No. 2:23-0345-AC (E.D. Cal.); Jaques v. Weiss, No. 2:23-0346-DB (E.D. Cal.); Jaques v. Hearn, No. 2:23-2714-DB (E.D. Cal.); Jaques v. Bautista, No. 2:24-0452-DMC (E.D. Cal.); Jaques v. Borrego, No. 2:24-0453-DB (E.D. Cal.).

1  multiple omissions on the IFP application.  Quite notably, plaintiff's deadline to respond to
2  defendants' motion to dismiss occurred nine months after she was ordered to explain the
3  "discrepancies between plaintiff's IFP application and institutional trust account statement…" in
4  a different case in this court.  See Jaques v. Dobbs, No. 2:24-cv-0478-DJC-EFB (E.D. Cal.), ECF
5  No. 6.  After plaintiff was notified of the discrepancies in her IFP application in that other case,
6  she made no effort to correct her false IFP application in this case.  Therefore, the undersigned
7  finds dismissal with prejudice appropriate.  See Escobedo v. Applebees, 787 F.3d 1226, 1234 n. 8
8  (9th Cir. 2015) (emphasizing that dismissal pursuant to § 1915(e)(2) requires a showing of bad
9  faith and not a mere inaccuracy); Dawson v. Lennon, 797 F.2d 934, 935–936 (11th Cir. 1986)
10 (per curiam) (concluding that plaintiff's "behavior in attempting to claim indigent status while
11 failing to draw the court's attention to previous authoritative determinations of his lack of
12 indigency is sufficient evidence of bad faith to support the district court's exercise of discretion
13 [to dismiss the case with prejudice]").  The court has considered alternative sanctions, including
14 dismissal without prejudice.  But in light of the circumstances of plaintiff's false statements and
15 the relevant law, anything less than a dismissal with prejudice would be inappropriate.  Therefore,
16 the court recommends granting defendants' motion to dismiss this action with prejudice.

**IV.     Plain Language Summary for Party Proceeding Without an Attorney**

Since plaintiff is representing herself in this case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the evidence submitted by defendants and your prior litigation history, the court finds that you submitted a false IFP application in bad faith in this case.  It is recommended that defendants' motion to dismiss be granted and that your case be dismissed with prejudice as a sanction.

If you disagree with this recommendation, you have 21 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will make the final decision.

/////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, or, in the alternative, revoke plaintiff's in forma pauperis status (ECF No. 22) be granted.

2. Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE