1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL E. JACQUES,                        No.  2:24-cv-0477-TLN-SCR

12                   Plaintiff,

13         v.                                     **ORDER**

14    JUNG, et al.,

15                   Defendants.

16

17         Plaintiff Michael E. Jacques ("Plaintiff"), a state prisoner proceeding pro se, filed this

18    civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United

19    States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On February 14, 2025, Defendants R. Jung, S. Reid, and B. Jones ("Defendants") filed a

21    motion to dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A), or in the alternative, motion to revoke

22    Plaintiff's in forma pauperis status.  (ECF No. 22.)  On June 27, 2025, the magistrate judge filed

23    findings and recommendations herein which were served on all parties and which contained

24    notice that any objections were to be filed within twenty-one days.  (ECF No. 24.)  Plaintiff filed

25    objections to the findings and recommendations along with an opposition to Defendants' motion

26    to dismiss that was delayed due to a prison lockdown.  (ECF Nos. 25–26.)  The Court has

27    considered Plaintiff's opposition to the motion to dismiss and construes it as additional objections

28    to the findings and recommendations.  (*See* ECF No. 25 at 70–73.)

1    In her objections, Plaintiff contends she did not misrepresent her financial status in her in

2    forma pauperis application because she believed that "any income she received was eroded by her

3    restitution obligations of $16,884.00." (ECF No. 25 at 2.)  However, the evidence Plaintiff

4    submits in support of this contention shows that while the original amount owed was $16,884.00,

5    she had made significant payments, leaving a balance of $2,036.38 in restitution.  (ECF No. 25 at

6    3–5; *see* 52–53 (Inmate Statement Report indicating that restitution of $10,995 in Case No.

7    YA087359 was fulfilled as of May 2023).)  A review of Plaintiff's inmate trust account

8    statements indicate that restitution payments were deducted in incremental amounts rather than a

9    lump sum after May 2023.  (*See* ECF No. 25 at 53–56; ECF No. 22-1 at 8–10.)

10    The magistrate judge's conclusions of law are reviewed *de novo*.  *Robbins v. Carey*, 481

11    F.3d 1143, 1147 (9th Cir. 2007).  Having reviewed the file, the Court finds the findings and

12    recommendations to be supported by the record and by the magistrate judge's analysis.  Plaintiff's

13    opposition does not undercut the magistrate judge's findings that she made multiple omissions on

14    her in forma pauperis application by not disclosing any income.[1]  The record in this case

15    demonstrates Plaintiff had approximately $2,000 in her inmate trust account in January 2024 with

16    which to pay the filing fee for this action.  (ECF No. 4 at 3.)  Therefore, the magistrate judge's

17    conclusion that the in forma pauperis application was submitted in bad faith is adequately

18    supported by the evidence in this case.

19

20    //

21    //

22    //

23    //

24    //

25    //

26

27

28

---

[1] The magistrate judge's analysis properly focused on Plaintiff's inmate trust account from January 2023 through January 2024 as the relevant period for analyzing whether Plaintiff's allegation of poverty was untrue in her in forma pauperis application.  The majority of Plaintiff's exhibits are from 2021 and 2025 and are thus not relevant to the Court's analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 24) are ADOPTED in full;

2. Defendants' motion to dismiss, or, in the alternative, revoke Plaintiff's in forma pauperis status (ECF No. 22) is GRANTED;

3. Plaintiff's complaint is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(A).

4. The Clerk of Court is directed to close this case.

Date: August 27, 2025

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE